# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| First Division Design, LLC | )    ASBCA No. 60951 |
| | ) |
| Under Contract No. FA5270-13-P-0177 | ) |

APPEARANCE FOR THE APPELLANT:       Mr. Craig F. Pierce
           Manager/Member

APPEARANCES FOR THE GOVERNMENT:      Jeffrey P. Hildebrant, Esq.
           Air Force Deputy Chief Trial Attorney
           Phillip E. Reiman, Esq.
           Lt Col Nathanial H. Sears, USAF
           Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

## INTRODUCTION

Appellant seeks recovery for the termination of its contract for convenience, and for the government's alleged breach of the duty of good faith and fair dealing. The appeal is governed by the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109.[*]

## SUMMARY FINDINGS OF FACTS

On 27 September 2013, the government awarded the contract referenced above to appellant, First Division Design, LLC (FDD), to supply 200 dining tables and 1,000 chairs to Kadena Air Base, Japan, for $187,360 (R4, tab 1 at 1, 3-4). Each table was to come with two 16-inch leaves (*id.* at 3). The contract incorporated by reference Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS –COMMERCIAL ITEMS (JUL 2013) (*id.* at 5).

In May 2014, FDD delivered the tables, leaves, and chairs (answer at 2, ¶ 6). The government subsequently determined that some of the leaves were a color different than the tables themselves (answer, attach., decl. of Robert J. Heinzl, Jr., ¶¶ 5, 7). As a result, the government withheld what it says is $20,000 from its payment to appellant (gov't

---

[*] First Division Design, LLC, elected to have the appeals processed pursuant to Board Rule 12.2; consequently, this decision shall have no value as precedent and in the absence of fraud, shall be final and conclusive and may not be appealed or set aside. Board Rule 12.2(d).

mot. at 1). On 5 June 2015, the government terminated the contract for convenience (R4, tab 4 at 2-3).

On 3 June 2016, FDD submitted to the contracting officer a termination settlement proposal in the amount of $31,683.90 (R4, tab 15 at 1-3). On 16 June 2016, FDD submitted a revised proposal (R4, tab 18). Neither version of the proposal alleged any government impropriety (R4, tabs 15, 18). On 10 August 2016, FDD requested that the contracting officer issue a final decision; the parties were, on that date, at an impasse (R4, tab 24 at 1), ripening the settlement proposal into a claim. *See DODS, Inc.*, ASBCA No. 59510, 15-1 BCA ¶ 35,918 at 175,580; *Ensign-Bickford Aerospace & Def. Co.*, ASBCA No. 58671, 14-1 BCA ¶ 35,599 at 174,408. On 19 December 2016, the contracting officer issued a final decision stating "as [FDD has] been already paid $166,523.20, [it is] entitled to no further payment" (R4, tab 29 at 1, 10). FDD timely filed its appeal on 21 December 2016, seeking $44,133.90.

In its briefing before the Board, FDD seeks $61,609.01, plus interest from 1 June 2014 (app. br. at 13). In support of its request for recovery, FDD points to a contracting officer's final decision regarding a claim under a contract other than the one referenced above (supp. R4, tab 21), a spreadsheet allegedly depicting time that appellant spent "regarding this [termination of convenience]" (supp. R4, tab 18), and a table of "Unbilled Costs by Job" (listing charges such as "Verizon," "Comcast," and "Waste Management") allegedly associated with the contract referenced above (supp. R4, tab 15; app. br. at 12-13).

DECISION

FAR 52.212-4(l) provides, in pertinent part:

> Subject to the terms of this contract, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its standard record keeping system, have resulted from the termination.

FDD seeks $20,836.80, plus interest, under "Prong 1" of the sentence above–that is, the prong that provides for "[t]he percentage of the contract price reflecting the percentage of work performed" prior to the notice of termination. FDD says that it is entitled to what it says is the unpaid portion of the contract price: $20,836.80 (app. br. at 11). The government does not address this issue. We find FDD's claim to the $20,836.80 uncontested, and award that amount, plus interest.

2

Under "Prong 2," FDD seeks $35,671.68 (app. br. at 12-13), consisting of the following:

| Email charges | $11,212.50 |
|---|---|
| Study of Board decisions | $5,550.00 |
| Document production related to alternative dispute resolution | $6,600.00 |
| Study of FAR/DFAR | $2,550.00 |
| Document production related to settlement proposals | $1,875.00 |
| Office expenses | $7,884.18 |
| Total | $35,671.68 |

(App. br. at 12-13)

FDD must demonstrate its entitlement to recovery under FAR 52.212-4(l) using its standard record keeping system and with contemporaneous documentation. *See SWR, Inc.*, ASBCA No. 56708, 15-1 BCA ¶ 35,832 at 175,229-30 (applying FAR 52.212-4(l)). In support of its claimed charges, FDD points to three documents, only one of which—the table of unbilled job costs—consists of such evidence. Therefore, only those unbilled job costs are potentially recoverable. However, we find that those unbilled job costs consist of home office overhead. Prong 2 of FAR 52.212-4(l) allows the recovery of overhead that relates not to work completed, but to work terminated and not performed. *Id.* at 175,231. We have found that FDD is entitled to the withheld contract price under Prong 1; therefore, FDD performed all the contract work, and is not entitled to compensation for any home office overhead under Prong 2.

FDD also contends that the government breached the duty of good faith and fair dealing by improperly (and even fraudulently) administering the contract and processing FDD's settlement proposal (app. br. at 5-13; reply at 2-7). FDD's claim to the contracting officer does not include any such allegations; consequently, we do not possess jurisdiction to entertain them. *See CDM Constructors, Inc.*, ASBCA No. 59524, 15-1 BCA ¶ 36,097 at 176,239.

3

## CONCLUSION

For these reasons, the appeal is sustained to the extent that FDD is awarded $20,836.80, with interest under 41 U.S.C. § 7109, from 10 August 2016, the date that FDD requested that the contracting officer issue a final decision.

Dated:  25 April 2017

TIMOTHY P. McILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60951, Appeal of First Division Design, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals